# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | CIVIL ACTION NO. 4:18-cv-767-ALM |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| TCL KING ELECTRICAL APPLIANCES (HUIZHOU) CO. LTD., TTE TECHNOLOGY, INC., HUIZHOU TCL MOBILE COMMUNICATION CO. LTD., TCT MOBILE (US) INC., and BLACKBERRY LIMITED, | |
| Defendants. | |

## TCL'S AMENDED ANSWER TO COMPLAINT

TCL King Electrical Appliances (Huizhou) Co. Ltd., TTE Technology, Inc., Huizhou TCL Mobile Communication Co. Ltd., and TCT Mobile (US) Inc. (collectively, "TCL Defendants" or "TCL") file their (amended) Answer, Affirmative Defenses, and Counterclaims to the claims made in the Complaint (hereafter "Original Complaint") for patent infringement filed by Plaintiff American Patents LLC (hereinafter "American Patents" or "Plaintiff") and dated October 26, 2018. [1] To the extent any allegations in the Original Complaint are not specifically admitted, TCL Defendants deny them.

---

[1] Pursuant to the Court's order granting the joint motion to substitute parties and to dismiss certain defendants without prejudice (Dkt. 48), the TCL Defendants file this Amended Answer on behalf of the newly substituted parties. The caption has been revised to reflect the names of the substituted parties.

## ANSWER

TCL responds to the allegations in each of the corresponding numbered paragraphs of the Original Complaint below. To the extent that Plaintiff's introductory paragraph or the headings of the Original Complaint are construed as allegations, they are each denied.

## PARTIES

1.      TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Original Complaint and therefore denies the same.

2.      TCL Corp. has been dismissed by the agreement of the parties, and therefore no response is required.

3.      TCL Communication Ltd. has been dismissed by the agreement of the parties, and therefore no response is required.

4.      TCL Communication Technology Holdings Ltd. has been dismissed by the agreement of the parties, and therefore no response is required.

5.      TCL Electronics Holdings Ltd. has been dismissed by the agreement of the parties, and therefore no response is required.

6.      TCL admits that TCL King Electrical Appliances (Huizhou) Co. Ltd. is a company duly organized and existing under the laws of the People's Republic of China, having an address of No. 78 4th Huifeng Rd, Zhongkai New & High-Tech Industries Development Zone, Huizhou, Guangdong 516006 China.

7.      TCL admits that TCL King Electrical Appliances (Huizhou) Co. Ltd. manufactures and imports televisions into the United States, and that some such televisions are sold in the United States under a "TCL" brand. TCL admits that TTE Technology, Inc. sells, offers for sale, or imports televisions into the United States, and that some such televisions are sold in the United

States under a "TCL" brand. TCL admits that Huizhou TCL Mobile Communication Co. Ltd. manufactures smartphones, and that some such smartphones are sold in the United States under an "Alcatel" or a "Blackberry" brand. TCL admits that TCT Mobile (US) Inc. sells, offers for sale, or imports smartphones into the United States, and that some such smartphones are sold in the United States under an "Alcatel" or a "Blackberry" brand. TCL denies the remaining allegations in paragraph 7.

8.      TCL denies the allegations in paragraph 8 of the Original Complaint.

9.      TCL denies the allegations in paragraph 9 of the Original Complaint.

10.     TCL denies the allegations in paragraph 10 of the Original Complaint.

11.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Original Complaint and therefore denies the same.

12.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Original Complaint and therefore denies the same.

13.     TCL denies the allegations in paragraph 13 of the Original Complaint.

## JURISDICTION AND VENUE

14.     TCL admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code. TCL further admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court. TCL expressly denies that it has committed any acts of infringement in this or any other state.

15.     TCL denies the allegations in paragraph 15 of the Original Complaint.

16.     TCL denies the allegations in paragraph 16 of the Original Complaint.

17.     TCL denies the allegations in paragraph 17 of the Original Complaint.

## BACKGROUND

18.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Original Complaint and therefore denies the same.

19.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Original Complaint and therefore denies the same.

20.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Original Complaint and therefore denies the same.

21.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Original Complaint and therefore denies the same.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,088,782

22.     TCL admits that, on its face, U.S. Patent No. 7,088,782 ("the '782 patent") is titled "Time and Frequency Synchronization in Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of August 8, 2006. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Original Complaint and therefore denies the same.

23.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Original Complaint and therefore denies them.

24.     TCL admits that TCL King Electrical Appliances (Huizhou) Co. Ltd. and TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the name: "TCL 32″ Class 3-Series HD LED Roku Smart TV – 32S327." TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold,

and/or offered for sale" products including the names: "Linkzone" or "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel LINKZONE" and "Blackberry DTEK 60." TCL denies that Huizhou TCL Mobile Communication Co. Ltd. or TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the name: "RokuTV." TCL admits that the "TCL 32″ Class 3-Series HD LED Roku Smart TV – 32S327" includes Wi-Fi capabilities. TCL admits that the "Alcatel LINKZONE" and the "Blackberry DTEK 60" include Wi-Fi and LTE capabilities. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Original Complaint and therefore denies the same.

25.     TCL denies the allegations in paragraph 25 of the Original Complaint.

26.     TCL denies the allegations in paragraph 26 of the Original Complaint.

27.     TCL denies the allegations in paragraph 27 of the Original Complaint.

28.     TCL denies the allegations in paragraph 28 of the Original Complaint.

29.     TCL denies the allegations in paragraph 29 of the Original Complaint.

30.     TCL denies the allegations in paragraph 30 of the Original Complaint.

31.     TCL denies the allegations in paragraph 31 of the Original Complaint.

32.     TCL denies the allegations in paragraph 32 of the Original Complaint.

33.     TCL admits that it received notice of the '782 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 33 of the Original Complaint.

34.     TCL denies the allegations in paragraph 34 of the Original Complaint.

35.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Original Complaint and therefore denies the same.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,310,304

36.     TCL admits that, on its face, U.S. Patent No. 7,310,304 ("the '304 patent") is titled "Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of December 18, 2007.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Original Complaint and therefore denies the same.

37.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Original Complaint and therefore denies the same.

38.     TCL admits that TCL King Electrical Appliances (Huizhou) Co. Ltd. and TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the name: "TCL 32″ Class 3-Series HD LED Roku Smart TV – 32S327." TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" products having the names: "Linkzone," and "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel LINKZONE" and "Blackberry DTEK 60." TCL denies that Huizhou TCL Mobile Communication Co. Ltd. or TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the name: "RokuTV." TCL admits that the "TCL 32″ Class 3-Series HD LED Roku Smart TV – 32S327" includes Wi-

Fi capabilities. TCL admits that the "Alcatel LINKZONE" and the "Blackberry DTEK 60" include Wi-Fi and LTE capabilities. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 of the Original Complaint and therefore denies the same.

39.     TCL denies the allegations in paragraph 39 of the Original Complaint.

40.     TCL denies the allegations in paragraph 40 of the Original Complaint.

41.     TCL denies the allegations in paragraph 41 of the Original Complaint.

42.     TCL denies the allegations in paragraph 42 of the Original Complaint.

43.     TCL denies the allegations in paragraph 43 of the Original Complaint.

44.     TCL denies the allegations in paragraph 44 of the Original Complaint.

45.     TCL admits that the public file history of U.S. Patent No. 8,811,339 indicates that U.S. Patent Application Publication No. US2002/0181390 was cited in an information disclosure statement during prosecution of the application underlying U.S. Patent No. 8,811,339. TCL admits that, on its face, U.S. Patent No. 8,811,339 lists Mo-Han Fong, Hang Zhang, Sophie Vrzic, and Robert Novak as inventors. TCL admits that, on its face, U.S. Patent No. 8,811,339 indicates that "BlackBerry Limited" is an Assignee.  TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Original Complaint and therefore denies the same.

46.     TCL admits that it received notice of the '304 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 46 of the Original Complaint.

47.     TCL denies the allegations in paragraph 47 of the Original Complaint.

48.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Original Complaint and therefore denies the same.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,706,458

49.     TCL admits that, on its face, U.S. Patent No. 7,706,458 ("the '458 patent") is titled "Time And Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of April 27, 2010.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Original Complaint and therefore denies the same.

50.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Original Complaint and therefore denies the same.

51.     TCL admits that TCL King Electrical Appliances (Huizhou) Co. Ltd. and TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the name: "TCL 32″ Class 3-Series HD LED Roku Smart TV – 32S327." TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" products having the names: "Linkzone," and "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel LINKZONE" and "Blackberry DTEK 60." TCL denies that Huizhou TCL Mobile Communication Co. Ltd. or TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the name: "RokuTV." TCL admits that the "TCL 32″ Class 3-Series HD LED Roku Smart TV – 32S327" includes Wi-

Fi capabilities. TCL admits that the "Alcatel LINKZONE" and the "Blackberry DTEK 60" include Wi-Fi and LTE capabilities. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 of the Original Complaint and therefore denies the same.

52.     TCL denies the allegations in paragraph 52 of the Original Complaint.

53.     TCL denies the allegations in paragraph 53 of the Original Complaint.

54.     TCL denies the allegations in paragraph 54 of the Original Complaint.

55.     TCL denies the allegations in paragraph 55 of the Original Complaint.

56.     TCL denies the allegations in paragraph 56 of the Original Complaint.

57.     TCL denies the allegations in paragraph 57 of the Original Complaint.

58.     TCL admits that (i) U.S. Patent Application Publication No. US2006/0239370 was cited by the Examined in multiple prior art rejections during the prosecution of U.S. Patent No. 9,036,999, that (ii) on its face, U.S. Patent No. 9,036,999 lists "Alcatel Lucent" as the Assignee, and that (iii) on its face, U.S. Patent No. 9,036,999 lists Noriaki Kaneda, Timo Pfau, and Qi Yang as inventors. TCL denies the remaining allegations in paragraph 58 of the Original Complaint.

59.     TCL admits that it received notice of the '458 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 59 of the Original Complaint.

60.     TCL denies the allegations in paragraph 60 of the Original Complaint.

61.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Original Complaint and therefore denies the same.

## COUNT IV

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,373,655

62.      TCL admits that, on its face, U.S. Patent No. 7,373,655 ("the '655 patent") is titled "System For Securing Inbound and Outbound Data Packet Flow in a Computer Network," and identifies an issue date of May 13, 2008.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 of the Original Complaint and therefore denies the same.

63.      TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Original Complaint and therefore denies the same.

64.      TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" products having the names: "Alcatel 1X," and "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel 1X" and "Blackberry DTEK 60." TCL admits that the "Alcatel 1X" and the "Blackberry DTEK 60" have capabilities to display content from the Internet. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 64 of the Original Complaint and therefore denies the same.

65.      TCL denies the allegations in paragraph 65 of the Original Complaint.

66.      TCL denies the allegations in paragraph 66 of the Original Complaint.

67.      TCL denies the allegations in paragraph 67 of the Original Complaint.

68.      TCL denies the allegations in paragraph 68 of the Original Complaint.

69.      TCL denies the allegations in paragraph 69 of the Original Complaint.

70.     TCL denies the allegations in paragraph 70 of the Original Complaint.

71.     TCL admits that it received notice of the '655 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 71 of the Original Complaint.

72.     TCL denies the allegations in paragraph 72 of the Original Complaint.

73.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Original Complaint and therefore denies the same.

## COUNT V

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,934,090

74.     TCL admits that, on its face, U.S. Patent No. 7,934,090 ("the '090 patent") is titled "System for Securing Inbound and Outbound Data Packet Flow in a Computer Network," and identifies an issue date of April 26, 2011.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 of the Original Complaint and therefore denies the same.

75.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Original Complaint and therefore denies the same.

76.     TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" products having the names: "Alcatel 1X," and "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel 1X" and "Blackberry DTEK 60." TCL admits that the "Alcatel 1X" and the "Blackberry DTEK 60" have capabilities to display content from the Internet. TCL is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 of the Original Complaint and therefore denies the same.

77.     TCL denies the allegations in paragraph 77 of the Original Complaint.

78.     TCL denies the allegations in paragraph 78 of the Original Complaint.

79.     TCL denies the allegations in paragraph 79 of the Original Complaint.

80.     TCL denies the allegations in paragraph 80 of the Original Complaint.

81.     TCL denies the allegations in paragraph 81 of the Original Complaint.

82.     TCL admits that it received notice of the '090 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 82 of the Original Complaint.

83.     TCL denies the allegations in paragraph 83 of the Original Complaint.

84.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Original Complaint and therefore denies the same.

## COUNT VI

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,004,049

85.     TCL admits that, on its face, U.S. Patent No. 6,004,049 ("the '049 patent") is titled "Method And Apparatus For Dynamic Configuration Of An Input Device," and identifies an issue date of December 21, 1999.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85 of the Original Complaint and therefore denies the same.

86.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Original Complaint and therefore denies the same.

87.     TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" products having the names: "Alcatel 1X," and "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel 1X" and "Blackberry DTEK 60." TCL admits that the "Alcatel 1X" and the "Blackberry DTEK 60" have capabilities to display keyboard layouts. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87 of the Original Complaint and therefore denies the same.

88.     TCL denies the allegations in paragraph 88 of the Original Complaint.

89.     TCL denies the allegations in paragraph 89 of the Original Complaint.

90.     TCL denies the allegations in paragraph 90 of the Original Complaint.

91.     TCL denies the allegations in paragraph 91 of the Original Complaint.

92.     TCL denies the allegations in paragraph 92 of the Original Complaint.

93.     TCL denies the allegations in paragraph 93 of the Original Complaint.

94.     TCL denies the allegations in paragraph 94 of the Original Complaint.

95.     TCL denies the allegations in paragraph 95 of the Original Complaint.

96.     TCL denies the allegations in paragraph 96 of the Original Complaint.

97.     TCL denies the allegations in paragraph 97 of the Original Complaint.

98.     TCL admits that it received notice of the '049 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 98 of the Original Complaint.

99.     TCL denies the allegations in paragraph 99 of the Original Complaint.

100.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Original Complaint and therefore denies the same.

## COUNT VII

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,301,626

101.     TCL admits that, on its face, U.S. Patent No. 6,301,626 ("the '626 patent") includes a title which includes, in part, "System For Dynamic Configuration Of An Input Device By Downloading An Input Device From Server If The Layout Is Not Already Displayed On The Input Device," and identifies an issue date of October 9, 2001.  TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 of the Original Complaint and therefore denies the same.

102.     TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Original Complaint and therefore denies the same.

103.     TCL denies that TCL King Electrical Appliances (Huizhou) Co. Ltd. or TTE Technology, Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale" products having the names: "Alcatel 1X," and "DTEK." TCL admits that Huizhou TCL Mobile Communication Co. Ltd. and TCT Mobile (US) Inc. have "made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale" products having the names: "Alcatel 1X" and "Blackberry DTEK 60." TCL admits that the "Alcatel 1X" and the "Blackberry DTEK 60" have capabilities to display keyboard layouts. TCL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 103 of the Original Complaint and therefore denies the same.

104.     TCL denies the allegations in paragraph 104 of the Original Complaint.

105.     TCL denies the allegations in paragraph 105 of the Original Complaint.

106.    TCL denies the allegations in paragraph 106 of the Original Complaint.

107.    TCL denies the allegations in paragraph 107 of the Original Complaint.

108.    TCL denies the allegations in paragraph 108 of the Original Complaint.

109.    TCL denies the allegations in paragraph 109 of the Original Complaint.

110.    TCL denies the allegations in paragraph 110 of the Original Complaint.

111.    TCL denies the allegations in paragraph 111 of the Original Complaint.

112.    TCL denies the allegations in paragraph 112 of the Original Complaint.

113.    TCL denies the allegations in paragraph 113 of the Original Complaint.

114.    TCL admits that it received notice of the '626 patent as of the date of formal service of process of Plaintiff's Original Complaint in this matter. TCL denies the remaining allegations in paragraph 114 of the Original Complaint.

115.    TCL denies the allegations in paragraph 115 of the Original Complaint.

116.    TCL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Original Complaint and therefore denies the same.

### ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

117.    TCL denies the allegations in paragraph 117 of the Original Complaint.

118.    TCL denies the allegations in paragraph 118 of the Original Complaint.

119.    TCL denies the allegations in paragraph 119 of the Original Complaint.

120.    TCL denies the allegations in paragraph 120 of the Original Complaint.

121.    TCL denies the allegations in paragraph 121 of the Original Complaint.

122.    TCL denies the allegations in paragraph 122 of the Original Complaint.

123.    TCL denies the allegations in paragraph 123 of the Original Complaint.

## GENERAL DENIAL

To the extent that any allegations of the Original Complaint have not been previously specifically admitted or denied, TCL denies them.

## PRAYER FOR RELIEF

TCL denies that Plaintiff is entitled to any of the relief sought in paragraphs a-h of its prayer for relief against TCL Defendants, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice and that Plaintiff takes nothing.

## AFFIRMATIVE DEFENSES

Subject to the responses above, TCL alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. TCL's investigation of its defenses is continuing, and TCL expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## DEFENSE NO. 1
### (Noninfringement)

124.    TCL has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent.

## DEFENSE NO. 2
### (Invalidity)

125.    One or more claims of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent are invalid for failing to satisfy one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEFENSE NO. 3
### (Prosecution History Estoppel)

126.    TCL has not, and is not, infringing the claims of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent at least due to statements, representations, admissions, elections, positions, concessions and filings made to the United States Patent and Trademark Office during the prosecution of the applications that matured into the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent that, in part or collectively, constitute prosecution history estoppel barring Plaintiff from asserting that the claims of the patents encompass or are infringed by any product or activity of TCL.

## DEFENSE NO. 4
### (Equitable Estoppel)

127.    Plaintiff's claims as to the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent are barred by the equitable doctrines of estoppel, including for example, patent misuse, waiver, laches and/or unclean hands. Specifically, Plaintiff has attempted to use its patent rights to obtain and coerce an unfair commercial advantage by attempting to extend the economic effect beyond the scope of the patent grant. *C.R. Bard Inc. v. M3 Sys., Inc.* 157 F.3d 1340, 1372 (Fed. Cir. 1998).

## DEFENSE NO. 5
### (Limitation on Damages under 35 U.S.C. § 286)

128.     Damages based upon Plaintiff's allegations of infringement of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent are barred by 35 U.S.C. § 286 to the extent they seek any recovery for any alleged infringing acts that occurred more than six years before the filing of the Original Complaint.

## DEFENSE NO. 6
### (Limitation on Damages under 35 U.S.C. § 287)

129.     Plaintiff cannot seek damages for any activities prior to the filing of this action due to failure to provide notice to TCL. Any claim for damages for patent infringement of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of the alleged infringement.

## DEFENSE NO. 7
### (License and Patent Exhaustion)

130.     Plaintiff's claims are barred, in whole or in part, to the extent that any allegedly infringing products are supplied, directly or indirectly to TCL by an entity or entities having express or implied licenses to the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent and/or under the doctrine of patent exhaustion.

## DEFENSE NO. 8
### (Breach of FRAND Licensing Commitment)

131.     The relief sought by Plaintiff in connection with the '782 patent, the '304 patent, and/or the '458 patent is limited or barred, in whole or in part, to the extent that (1) the '782 patent, the '304 patent, and/or the '458 patent were improperly left undeclared to ETSI by the BAE Systems member of ETSI in violation of ETSI's IPR Policy, and (2) such violation of the ETSI

IPR Policy encumbers the '782 patent, the '304 patent, and/or the '458 patent with an obligation requiring successors-in-interest, including Plaintiff, to license such patents on fair, reasonable, and non-discriminatory ("FRAND") licensing terms, and (3) the alleged inventions described in and allegedly covered by the '782 patent, the '304 patent, and/or the '458 patent are used, manufactured, sold, offered for sale, or imported by or for TCL.  In particular, (i) the '782 patent, the '304 patent, and/or the '458 patent are unenforceable against TCL on account of BAE Systems breach of its contractual commitment to declare the same to ETSI under ETSI's IPR Policy; (ii) the '782 patent, the '304 patent, and/or the '458 patent are unenforceable against TCL on account of Plaintiff's failure to make any good faith attempt to negotiate with TCL to offer TCL a license on FRAND terms before seeking to enjoin or recover damages for such patents in the present suit; and (iii) in the alternative, TCL has the irrevocable right to be licensed on FRAND terms under the '782 patent, the '304 patent, and/or the '458 patent.

**DEFENSE NO. 9**
**(Reservation of Additional Defenses)**

132.    TCL reserves the right to plead any additional defenses that discovery may reveal.

**COUNTERCLAIMS**

Counterclaimant TCL asserts the following allegations and counterclaims against American Patents.  TCL reserves the right to assert additional counterclaims, as warranted by facts revealed through investigation and discovery.

**THE PARTIES**

133.    TCL King Electrical Appliances (Huizhou) Co. Ltd. is a company duly organized and existing under the laws of the People's Republic of China, and has its principal place of business at No. 78 4th Huifeng Rd, Zhongkai New & High-Tech Industries Development Zone, Huizhou, Guangdong 516006 China.

134.    TTE Technology, Inc. is a company duly organized and existing under the laws of Delaware in the United States, and has its principal place of business at 1860 Compton Avenue, Corona CA 92881.

135.    Huizhou TCL Mobile Communication Co. Ltd. is a company organized and existing under the laws of the People's Republic of China, and has its principal place of business at No. 86 Hechang Qi Lu Xi, Zhongkai Gaoxin District, Huizhou City, Guandong Province, China.

136.    TCT Mobile (US) Inc. is a company duly organized and existing under the laws of Delaware in the United States, and has its principal place of business at 25 Edelman, Suite 200, Irvine CA 92618.

137.    Upon information and belief, American Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas, 75703.

## NATURE OF THE ACTION

138.    American Patents, by its Complaint, has asserted and continues to assert that TCL is infringing the claims of U.S. Patent No. 7,088,782 ("the '782 patent"), U.S. Patent No. 7,310,304 ("the '304 patent"), U.S. Patent No. 7,706,458 ("the '458 patent"), U.S. patent No. 7,373,655 ("the '655 patent"), U.S. Patent No. 7,934,090 ("the '090 patent"), U.S. Patent No. 6,004,049 ("the '049 patent"), and U.S. Patent No. 6,301,626 ("the '626 patent").

139.    TCL, by its Answer, has asserted and continues to assert that it does not infringe any valid and enforceable claim of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent, and that some or all of the claims of the '782 patent, the '304 patent, the '458 patent, the '655 patent, the '090 patent, the '049 patent, and/or the '626 patent are invalid. Accordingly, TCL seeks: (i) a judicial declaration that TCL does not

infringe the '782 patent; (ii) a judicial declaration that the '782 patent is invalid; (iii) a judicial declaration that TCL does not infringe the '304 patent; (iv) a judicial declaration that the '304 patent is invalid; (v) a judicial declaration that TCL does not infringe the '458 patent; (vi) a judicial declaration that the '458 patent is invalid; (vii) a judicial declaration that TCL does not infringe the '655 patent; (viii) a judicial declaration that the '655 patent is invalid; (ix) a judicial declaration that TCL does not infringe the '090 patent; (x) a judicial declaration that the '090 patent is invalid; (xi) a judicial declaration that TCL does not infringe the '049 patent; (xii) a judicial declaration that the '049 patent is invalid; (xiii) a judicial declaration that TCL does not infringe the '626 patent; (xiv) a judicial declaration that the '626 patent is invalid; and (xv) and all other relief requested herein.

## JURISDICTION AND VENUE

140.    This Court has subject matter jurisdiction over the following Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

141.    Venue is proper, over the following Counterclaim, in this district  pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as a result of American Patents commencing this action in this district.

## COUNTERCLAIM NO. 1
### (Declaratory Judgment of Non-Infringement)

142.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

143.    In its Original Complaint, American Patents alleges that TCL infringes the '782 patent.

144.    TCL alleges that it does not infringe one or more claims of the '782 patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '782 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '782 patent.

145.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 2
### (Declaratory Invalidity)

146.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

147.    TCL alleges that one or more claims of the '782 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

148.    An actual controversy exists between the parties as to whether the claims of the '782 patent are invalid.

149.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 3
### (Declaratory Judgment of Non-Infringement)

150.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

151.    In its Original Complaint, American Patents alleges that TCL infringes the '304 patent.

152.    TCL alleges that it does not infringe one or more claims of the '304  patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '304 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '304  patent.

153.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 4
### (Declaratory Invalidity)

154.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

155.    TCL alleges that one or more claims of the '304 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

156.    An actual controversy exists between the parties as to whether the claims of the '304 patent are invalid.

157.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### COUNTERCLAIM NO. 5
### (Declaratory Judgment of Non-Infringement)

158.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

159.    In its Original Complaint, American Patents alleges that TCL infringes the '458 patent.

160.    TCL alleges that it does not infringe one or more claims of the '458 patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '458 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '458 patent.

161.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### COUNTERCLAIM NO. 6
### (Declaratory Invalidity)

162.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

163.    TCL alleges that one or more claims of the '458 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

164.    An actual controversy exists between the parties as to whether the claims of the '458 patent are invalid.

165.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 7
### (Declaratory Judgment of Non-Infringement)

166.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

167.    In its Original Complaint, American Patents alleges that TCL infringes the '655 patent.

168.    TCL alleges that it does not infringe one or more claims of the '655 patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '655 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '655 patent.

169.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 8
### (Declaratory Invalidity)

170.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

171.    TCL alleges that one or more claims of the '655 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

172.    An actual controversy exists between the parties as to whether the claims of the '655 patent are invalid.

173.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 9
### (Declaratory Judgment of Non-Infringement)

174.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

175.    In its Original Complaint, American Patents alleges that TCL infringes the '090 patent.

176.    TCL alleges that it does not infringe one or more claims of the '090 patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '090 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '090 patent.

177.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 10
### (Declaratory Invalidity)

178.    TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

179.    TCL alleges that one or more claims of the '090 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

180.    An actual controversy exists between the parties as to whether the claims of the '090 patent are invalid.

181.    By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 11
### (Declaratory Judgment of Non-Infringement)

182.     TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

183.     In its Original Complaint, American Patents alleges that TCL infringes the '049 patent.

184.     TCL alleges that it does not infringe one or more claims of the '049 patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '049 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '049 patent.

185.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 12
### (Declaratory Invalidity)

186.     TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

187.     TCL alleges that one or more claims of the '049 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

188.     An actual controversy exists between the parties as to whether the claims of the '049 patent are invalid.

189.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 13
### (Declaratory Judgment of Non-Infringement)

190.     TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

191.     In its Original Complaint, American Patents alleges that TCL infringes the '626 patent.

192.     TCL alleges that it does not infringe one or more claims of the '626 patent, either directly or contributorily, and has not induced any others to infringe one or more claims of the '626 patent. Thus, there is a dispute between the parties concerning whether TCL infringes the '626 patent.

193.     By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 14
### (Declaratory Invalidity)

194.     TCL incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

195.     TCL alleges that one or more claims of the '626 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112 thereof.

196.     An actual controversy exists between the parties as to whether the claims of the '626 patent are invalid. By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## TCL'S PRAYER FOR RELIEF

For these reasons, TCL respectfully pray for the following relief:

A.     Enter judgment for TCL on all causes of action brought in Plaintiff's Original Complaint;

B.     The Original Complaint be dismissed in its entirety with prejudice;

C.     Plaintiff be denied any of the relief prayed for in its Original Complaint or to any relief whatsoever.

D.     Judgment that TCL does not infringe, directly or indirectly, the '782 patent and that the '782 patent is invalid.

E.     Judgment that TCL does not infringe, directly or indirectly, the '304 patent and that the '304 patent is invalid.

F.     Judgment that TCL does not infringe, directly or indirectly, the'458 patent and that the '458 patent is invalid.

G.     Judgment that TCL does not infringe, directly or indirectly, the '655 patent and that the '655 patent is invalid.

H.     Judgment that TCL does not infringe, directly or indirectly, the '090 patent and that the '090 patent is invalid.

I.     Judgment that TCL does not infringe, directly or indirectly, the '049 patent and that the '049 patent is invalid.

J.     Judgment that TCL does not infringe, directly or indirectly, the '626 patent and that the '626 patent is invalid.

K.     TCL be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and/or 18 U.S.C. § 1927 as against Plaintiff, and such other and further relief as the Court may deem just and proper.

### TCL'S DEMAND FOR JURY TRIAL

TCL requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by jury.

Dated:  March 7, 2019   Respectfully submitted,

        By  */s/ Eric H. Findlay*
           Eric H. Findlay
           Texas State Bar No. 00789886
           Findlay Craft, P.C.
           102 North College Avenue, Suite 900
           Tyler, Texas 75702
           Tel: 903-534-1100
           Fax: 903-534-1137
           efindlay@findlaycraft.com

           Stephen S. Korniczky (CA Bar No. 135532)
           Martin Bader (CA Bar No. 222865)
           SHEPPARD MULLIN RICHTER & HAMPTON
           12275 El Camino Real, Suite 200
           San Diego, CA 92130
           Tel: 858-720-8900
           Fax: 858-509-3691
           skorniczky@sheppardmullin.com
           mbader@sheppardmullin.com

           Harper Batts (CA Bar No. 242603)
           Chris Ponder (TX Bar No. 24065916)
           SHEPPARD MULLIN RICHTER & HAMPTON
           379 Lytton Avenue
           Palo Alto, CA  94301
           Tel: 650-815-2600
           Fax: 650-815-2601
           hbatts@sheppardmullin.com
           cponder@sheppardmullin.com

           *Attorneys for*
           *TCL King Electrical Appliances (Huizhou) Co. Ltd.,*
           *TTE Technology, Inc., Huizhou TCL Mobile*
           *Communication Co. Ltd., and*
           *TCT Mobile (US) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 7, 2019.

*/s/ Eric H. Findlay*
Eric H. Findlay